▪ 253 East 62nd Street, LLC, Plaintiff, v Moluka Enterprises, LLC, Appellant, and Yolanda Queen et al., Respondents, et al., Defendants. (And Other Actions.) [56 NYS3d 314]—

Order, Supreme Court, New York County (Barbara Jaffe, J.), entered December 24, 2015, which, inter alia, granted the motion of defendants Douglas Elliman Property Management (Elliman) and Bellmarc Property Management Services (Bellmarc) for summary judgment dismissing the complaint as against them, unanimously affirmed, with costs.

Defendant Bellmarc entered into a contract with codefendant, Moluka Enterprises, to manage certain of Moluka's properties. By order of the New York City Department of Buildings, one of Moluka's properties was demolished. Plaintiff owned the building adjacent to the demolished premises and claims that its building was damaged during the demolition process. Following the demolition, Bellmarc was acquired by Elliman.

Bellmarc and Elliman established their entitlement to judgment as a matter of law by demonstrating that they were not liable for any damage to plaintiff's building because Bellmarc's contract to manage the properties was with Moluka and thus, no duty was owed to plaintiff. It is well established that contractual obligations impose a duty only in favor of the promisee and intended third-party beneficiaries. Exceptions to this rule are where (1) the contracting party fails to exercise reasonable care in the performance of its duties, thereby launching a force or instrument of harm; (2) where the plaintiff detrimentally relies on the continued performance of the contracting parties' duties; and (3) where the contracting party has entirely displaced the other party's duty to maintain the premises safely (*see generally Espinal v Melville Snow Contrs.*, 98 NY2d 136, 140 [2002]). There is no evidence that any of the above exceptions apply to the circumstances presented. Concur—Tom, J.P., Sweeny, Andrias, Moskowitz and Manzanet-Daniels, JJ.